UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Order Filed on October 8, 2026
by Clerk,
U.S. Bankruptcy Court
District of New Jersey

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Authorized Agent for Secured Creditor
130 Clinton Road, Lobby B, Suite 202
Fairfield, NJ 07004
Telephone: 973-575-0707
Facsimile: 973-404-8886

Nathalie C. Rodriguez, Esq. (435332023)

**In Re:**

**Black Creek Condos LLC,**

**Debtor.**

Case No.: 26-19444-SLM

Chapter: 11

Hearing Date: October 6, 2026

Judge: Stacey L. Meisel

Recommended Local Form: ☑ Followed ☐ Modified

## ORDER GRANTING MOTION FOR RELIEF FROM STAY

The relief set forth on the following page, is hereby **ORDERED.**

**DATED: October 8, 2026**

Stacey L. Meisel
Honorable Stacey L. Meisel
United States Bankruptcy Judge

---

Upon the motion of SELENE FINANCE LP AS SERVICER FOR U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, ("Secured Creditor") under Bankruptcy Code section 362(d) for relief from the automatic stay as to certain property as hereinafter set forth, and for cause shown, it is

ORDERED that the motion is granted and the stay is terminated to permit the movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue Secured Creditor's rights in regard to the following:

☑ Real property more fully described as:

**4-21 Pine Crescent, Vernon, New Jersey 07462**

It is further ORDERED that Secured Creditor, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, short sale or deed-in-lieu of foreclosure. Additionally, any purchaser of the property at sheriff's sale (purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

It is further ORDERED that Secured Creditor may join the Debtor(s) and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other Chapter of the Bankruptcy Code.

It is further ORDERED that the movant shall be permitted to reasonably communicate with Debtor(s) and Debtor(s)' counsel to the exten~~d~~t necessary to comply with applicable non-bankruptcy law.

It is further ORDERED that the Trustee is directed to cease making any further distributions to the Creditor.

---

Secured Creditor shall serve this Order on the Debtor(s), any trustee, and any other party who entered an appearance on the motion.

***

**WHEREAS** Movant properly served the Motion;

**WHEREAS** the Debtor failed to submit any opposition to the Motion;

**WHEREAS** the Debtor failed to appear at the hearing;

**WHEREAS** the Court considered the merits of the Motion;

**WHEREAS** the Court orally ruled on the merits of the Motion;

**WHEREAS** after the Court ruled the Debtor filed a letter at ECF no. 73 requesting, for a variety of reasons, that the Court relist the Motion;

**WHEREAS** on October 7, 2026 the Court (through Chambers) emailed the Movant's counsel to see if Movant consented to relisting the Matter;

**WHEREAS** on October 8, 2026, Movant's counsel responded to the inquiry indicating no consent to relisting;

**WHEREAS** the Court provided an oral decision adjudicating the merits of the Motion;

**WHEREAS** the entry of the order is simply the memorialization of that decision;

**WHEREAS** the Debtor must follow appropriate rules and procedures should it wish to obtain relief from the Court's decision;

**WHEREAS** the Court cannot simply ignore a merit based decision because a non-consensual letter request, it;

**The Honorable Stacey L. Meisel made all alterations herein.**